## AMERICAN ACETYLENE BURNER CO. v. KIRCHBERGER.

(Circuit Court, S. D. New York. June 4, 1904.)

**1. PATENTS—INFRINGEMENT—ACETYLENE GAS BURNERS.**

The Shaffer patents, Nos. 617,942 and 634,838, for acetylene gas burners, if valid, can only be sustained as to minor details of construction shown. As so construed, *held* not infringed.

In Equity. Final hearing on pleadings and proofs of suit for injunction and accounting. The suit is for alleged infringement of two patents, No. 617,942, January 17, 1899, and No. 634,838, October 10, 1899, both granted to Henry E. Shaffer for improvements in acetylene gas burners.

Frederick F. Church, for complainant.

Louis C. Raegener and S. L. Moody, for defendant.

LACOMBE, Circuit Judge. A full discussion of the art of acetylene gas burners will be found in the opinion of the Circuit Court of Appeals, Second Circuit, sustaining patent No. 589,342, August 31, 1897, to E. J. Dolan, reported 128 Fed. 599. In that suit the present defendant was complainant, and the present complainant defendant.

The burners of the defendant are made under the Dolan patent, and burners made under the two patents in suit have been held to be infringements of the same patent. The only material changes suggested in the patents in suit are, first, to arrange the inlet and discharge passages at an angle with each other, instead of in a continuous curve; and, second, to make both tips and the branched burner which carries them of a single piece of refractory material. It is conceded that similar burners were made wholly of metal, and that the refractory material was well known in the art as a sub-

stance well adapted for gas tips. It is shown that so-called Napheys burners, made under the Dolan patent prior to complainant's date of invention, had the passages arranged at an angle, instead of in a curve. Under these circumstances there is found only the substitution of one well-known material for another, and the patents could be sustained, if at all, only for some minor details of construction (there seems to be an additional air passage provided), which defendant does not infringe.

The bill is dismissed.